IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GERALD J. FALONI** | : | |
|    Petitioner, | : | |
| | : | |
|    v. | : | **CIVIL NO. L-04-3736** |
| | : | |
| **ANTHONY MCCANN, et al.,** | : | |
|    Respondents. | : | |

## **MEMORANDUM**

On November 24, 2004, Petitioner Gerald J. Faloni ("Faloni" or "Petitioner") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Now pending is Respondents Anthony McCann, David Helsel, J. Joseph Curran, and Sandra O'Connor's ("Respondents") motion to dismiss. Respondents allege, inter alia, that Faloni has not exhausted his administrative remedies. No oral argument is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, (i) GRANT Respondents' motion to dismiss, and (ii) DISMISS WITHOUT PREJUDICE Faloni's Petition.

In August 2002, Faloni was involuntarily committed to Spring Grove Hospital Center ("Spring Grove") after having been found incompetent to stand trial on state criminal charges in accordance with Md. Code Ann., Crim. Pro. § 3-106(b). In the instant Petition, Faloni contends that his due process and speedy trial rights have been violated by his continued commitment to Spring Grove without having been brought to trial.

Before a federal court may grant habeas corpus relief, a petitioner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A petitioner may satisfy this exhaustion requirement by seeking review of his claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. §§

2254(b), (c); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).[1]

In this case, Petitioner has not instituted any state court proceedings regarding his confinement. Accordingly, the Court will, by separate Order, (i) GRANT Respondents' motion to dismiss for failure to exhaust state court remedies (Docket No. 4), and (ii) DISMISS WITHOUT PREJUDICE Faloni's Petition.

Dated this _27th__ day of April, 2005.

/s/
Benson Everett Legg
Chief Judge

---

[1] Under Maryland law, Petitioner is entitled to apply for a release hearing on an annual basis. Md. Code Ann., Crim Pro. § 3-106; Md. Code Ann., Health-Gen. § 10-805.  If the petition for release is denied, Petitioner may then appeal.  Md. Code Ann.,  Health-Gen. I § 10-805(h). Additionally,  Petitioner is free to file a petition for habeas corpus at any time in state court.  Md. Code Ann., Health-Gen. § 10-804.